OPINION OF THE COURT
Per Curiam.
Orders entered May 22, 1986 and June 19, 1986 reversed, without costs, respondent landlords’ motion to vacate their default is granted, the contempt adjudication is vacated, and the matter is remanded to the Civil Court for further proceedings.
In this proceeding the petitioners, joined by the Department of Housing Preservation and Development (HPD), seek an order requiring respondent landlords to make certain repairs at premises 132 and 134 West 109th Street, Manhattan. The conditions resulted from a fire which substantially damaged the premises. At the time of the fire these two buildings contained 20 apartments, the tenants of which are now living elsewhere. Respondents’ defense to the proceeding is that the premises have been totally destroyed as living units; that respondents are not required to rebuild and restore the tenancies; and that the repairs sought by petitioners would essentially amount to a total rehabilitation which is not economically feasible unless fair market rents can be generated.
Trial of the proceeding commenced on February 13, 1986 and was adjourned to February 27. While there is no transcript of what transpired on the adjourned date, it appears that no one representing respondents answered the calendar call and that a default order was entered at about noon. Shortly thereafter, an attorney from respondents’ trial counsel’s office (who had been in the courthouse and who had allegedly checked in with the clerk of the part that morning) appeared and orally applied to vacate the default and to adjourn the matter. That application was denied, as was respondents’ subsequent written motion for the same relief. The trial court rejected respondents’ attorney’s claim of actual engagement on another matter in Kings County as not sufficiently documented, and also rejected the attorney’s assumption that an adjournment would have been granted because of *109 HPD’s failure to provide certain inspection reports to respondents (respondents had earlier advised HPD in writing that it would seek an adjournment on this ground).
It is plain from the tenor of the decision below that the Housing Judge was understandably frustrated because trial of the proceeding did not go forward on February 27 and because of the resultant disruption of the court’s heavy calendar. While we tend to agree that the excuse for respondents’ nonappearance is less than compelling, we do not view the default as one which was intentional or willful. So far as appears, respondents had not theretofore engaged in a pattern of dilatory tactics and it seems clear that they did not intend to abandon the defense of their property interests. There are significant, disputed issues raised in this proceeding relating to the extent of the fire damage, the nature of the repair or rehabilitation required and the legal obligation of the respondents in the circumstances (see generally, Matter of Atco-Midwood Assocs. v Benitez, 106 AD2d 501; compare, Arroyo v Rosenbluth, 115 Misc 2d 655, with Bing Chung Chan v 60 Eldridge St. Corp., 129 Misc 2d 787). It is not only preferable, it is imperative that these issues be resolved on the merits after ventilation at a trial, rather than the case being forfeited on default. Accordingly, in the exercise of our own discretion, the default, as well as the ensuing contempt for failure to comply with the order entered upon the default, is vacated and the matter is returned to the Civil Court for further proceedings.
Sandifer, J. P., Parness and Ostrau, JJ., concur.